**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3227

_____

JOSE DIAZ-SILUESTRE,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-203-410)
Immigration Judge: Kuyomars Q. Golparvar

_____

Submitted under Third Circuit LAR 34.1(a)
On June 24, 2021

Before:  *CHAGARES, *Chief Judge*, PORTER and ROTH, Circuit Judges

(Opinion filed: February 3, 2022)

O P I N I ON**

_____

* Judge Chagares assumed Chief Judge status on December 4, 2021.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**ROTH**, <u>Circuit Judge</u>:

Jose Diaz Silvestre[1] seeks review of a decision by the Board of Immigration Appeals (BIA), affirming the denial of his application for withholding of removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture (CAT). We will deny the petition for review.

I.[2]

Diaz Silvestre was born in Guatemala and is a Guatemalan citizen. He first entered the United States without inspection in October 2015. He was removed a few weeks later. In 2018, he again entered the United States without inspection. The Department of Homeland Security reinstated the removal order. An immigration judge allowed Diaz Silvestre to apply for withholding of removal and CAT protection, which commenced these proceedings.

Before the IJ, Diaz Silvestre offered three bases for his application: (1) discrimination because of membership in the Popti indigenous group, (2) fear that his land will be taken or that he will be harmed because of his land, and (3) denial of benefits because of his support for a political candidate.[3]

The IJ held that Diaz Silvestre failed to satisfy the criteria for withholding of removal based on the proffered social group of landowners. He held that "landowner," as

---

[1] Although the administrative proceeding was captioned with the spelling "Diaz-Siluestre," the Court will use the spelling that he used in his written statements, "Diaz Silvestre."

[2] Because we write primarily for the parties, we discuss only the facts and proceedings to the extent necessary for resolution of this case.

[3] The IJ credited Diaz Silvestre's testimony.

defined in this case, is not a particular social group under the INA. Even if it were, Diaz Silvestre's difficulties securing title to his land and fear of it being taken by his nephew were not persecution and did not establish a risk of future persecution. The IJ also found that, despite having some difficulties with Spanish, Diaz Silvestre could seek assistance from Guatemalan authorities if his land is threatened.

Next, the IJ rejected the claim based on membership in the Popti indigenous group. He agreed that Diaz Silvestre is Popti and Popti individuals face discrimination in Guatemala. However, he found that Diaz Silvestre did not offer evidence that he has been or will be persecuted because he is Popti. Instead, he testified that he owed his brother-in-law money and his nephew threatened him in an effort to obtain his land. Neither of these issues relate to being Popti. Further, the IJ found that Diaz Silvestre did not show that the Guatemalan police would be unable or unwilling to assist him.

The IJ then held that retaliation for Diaz Silvestre's support of a political candidate did not support withholding of removal. Diaz Silvestre was denied fertilizer because he supported a political candidate. Nevertheless, the IJ held that this denial did not constitute persecution, nor did it establish he would be persecuted.

Finally, the IJ rejected Diaz Silvestre's CAT claim. He noted that Diaz Silvestre may face harm from his nephew, but there was no evidence that the harm would rise to torture. Further, there was no evidence that the Guatemalan government would take part or acquiesce in the torture. Moreover, the evidence suggested that Diaz Silvestre could seek help from the Guatemalan government.

The BIA affirmed. It agreed that Diaz Silvestre did not show that the alleged harm

3

related to his landownership and to being Popti rose to the level of persecution. The BIA also agreed that Diaz Silvestre did not establish that Guatemala is unable or unwilling to protect him. Next, it affirmed the IJ's finding that Diaz Silvestre did not show he would be tortured by or at the acquiescence of the government. Finally, it held that Diaz Silvestre waived his claim related to the denial of fertilizer because he did not raise it before the BIA. Diaz Silvestre petitioned for review.

## II.[4]

Our review of the BIA's order is deferential. We review the agency's findings of fact for substantial evidence.[5] Under this standard, we are required to "uphold the agency's determination unless the evidence would compel any reasonable fact finder to reach a contrary result."[6] We review the agency's legal determinations de novo.[7]

## III.

Withholding of removal is mandatory "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . membership in a particular social group."[8] To qualify, an alien must show "a 'clear probability of persecution,' i.e., that it is more likely than not, that s/he would suffer persecution upon returning home."[9]

---

[4] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a).

[5] *Romero v. Att'y Gen.*, 972 F.3d 334, 340 (3d Cir. 2020).

[6] *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015).

[7] *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020).

[8] 8 U.S.C. § 1231(b)(3)(A).

[9] *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011) (citation omitted).

We find no error in the BIA's reasons for denying the withholding of removal claim.[10]  Persecution "encompasses only grave harms such as 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'"[11]  The threats Diaz Silvestre faces stem from his nephew and possible inability to secure title to his land.  While undoubtedly serious, these are not the kinds of "grave harms" that constitute persecution.  Further, we do not find any error in the BIA's determination that Diaz Silvestre has not established that the Guatemalan government will be unable or unwilling to assist him.  Diaz Silvestre does not meaningfully challenge either of these conclusions on appeal.[12]

We also discern no error in the BIA's denial of the CAT claim.  Diaz Silvestre must "establish that it is more likely than not that he . . . would be tortured if removed to [Guatemala]."[13]  For an act to constitute torture it must be, among other things, "by or at the instigation of or with the consent or acquiescence of a public official."[14]  Substantial evidence supports the BIA's conclusion that Diaz Silvestre will not be tortured by or at the acquiescence of the Guatemalan government.  Diaz Silvestre has not pointed to

---

[10] Diaz Silvestre comes close to waiving a challenge to the BIA's conclusions because his opening brief focuses almost exclusively on economic discrimination to support the withholding of removal claim.  Nevertheless, we address the BIA's reasons for denying the claim on the merits.

[11] *Gonzalez-Posadas*, 781 F.3d at 684 (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).

[12] Instead, Diaz Silvestre argues at length that Popti individuals in Guatemala face systemic economic discrimination.  Even assuming he has not waived this argument, it does not establish that Diaz Silvestre has been or will be persecuted. See *Ahmed v. Ashcroft*, 341 F.3d 214, 218 (3d Cir. 2003) (holding that certain economic disadvantages did not constitute persecution).

[13] 8 C.F.R. § 1208.16(c)(2).

[14] *Romero*, 972 F.3d at 343 (quoting *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017)); *see also* 8 C.F.R. § 208.18(a)(1).

evidence in the record that rebuts this finding.[15]

IV.

We will deny the petition for review.

---

[15] We agree with the government that we cannot review Diaz Silvestre's claim based on political opinion because he did not present it to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). In any event, we agree with the IJ that the denial of fertilizer does not constitute persecution based on political opinion.